IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JUAN GALLA                                  *  |  |
|          Petitioner | |
|    v.                                    * | CIVIL ACTION NO. AW-07-2758 |
| STATE OF MARYLAND                *  | |
| SHEILA DAVENPORT, CEO | |
| CLIFTON T. PERKINS HOSPITAL   * | |
| CENTER | |
|          Respondents.         * | |
|                               *** | |

**MEMORANDUM**

The above-captioned Petition for habeas corpus relief was received for filing on October 11, 2007. The action raises a direct attack on Petitioner's continuing detention at the Clifton T. Perkins State Hospital Center ("Perkins")  Because he appears indigent, Petitioner's Motion to Proceed *In Forma Pauperis* shall be granted. His Petition shall, however, be dismissed without prejudice.

Petitioner is 18 years old. According to the filing and attachments he was charged with first-degree murder and use of handgun in the commission of a felony in the Circuit Court for Prince George's County, Maryland. Paper No. 1 at Attachments. He was ordered to receive a mental health evaluation to determine competency and subsequently found incompetent to stand trial by Circuit Court Judge Michele D. Hotten, who on September 18, 2006, ordered Petitioner committed to the Maryland Department of Health and Mental Hygiene and Perkins pursuant to Md. Code. Ann., Crim. Proc., § 3-106(b). *Id.* On May 15, 2007, Petitioner appeared for a competency hearing. Judge Hotten again found him incompetent to stand trial and issued another order of commitment. *Id.* Petitioner was counseled throughout the case proceedings.

The Petition is not a model of clarity. Petitioner seemingly challenges the finding of incompetency. In addition, he claims that when defendants are "admitted as incompetent they are

typically released as soon as the evaluation is complete and returned to their jurisdictions." Paper No. 1.

A habeas corpus petition, with its concomitant requirement of the exhaustion of state court remedies, is the exclusive means for a person "in custody" to attack the fact or duration of his confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 489-490 & 500 (1973). Petitioner seeks to attack the competency findings of the state court judge and the situs of his detention. He does not contend that a state remedy is unavailable for his claims and a review of the cause of action reveals that he has not fully exhausted his remedies as to this issue. Therefore, this action must be dismissed for the failure to exhaust available state court remedies.[1] *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U. S. 484, 490-91 (1973).

For the aforementioned reasons, the Court shall dismiss the case without prejudice for the failure to exhaust state court remedies. A separate order follows.


Date: <u>October 29, 2007</u>                         /s/
                                    Alexander Williams Jr.
                                    United States District Judge

---

[1] This court offers no opinion as to whether Petitioner has presented a colorable claim under 28 U.S.C. § 2241.